IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: | ) |
| | ) |
| BRIAN JOSEPH REISCHMAN | ) Case No. 3:07-bk-33663 |
| | ) |
|    Debtor. | ) Chapter 7 Proceeding |

| | |
|---|---|
| DALI USA, INC. and SUNRIDGE DEVELOPMENT CORPORATION | ) ) ) |
|    Plaintiffs, | ) ) |
| v. | ) Adv. Proc. No. 08-03020 ) |
| BRIAN JOSPEH REISCHMAN | ) ) |
|    Defendant. | ) |

MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT

Comes now the debtor/Defendant Brian Joseph Reischman, by and through counsel, Steven F. Crawford, submits this memorandum of law in support of its motion for summary judgment.

I.  The Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, as incorporated by Rule 7065 of the Federal Rules of Bankruptcy Procedure, states that summary judgment is appropriate "…if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court's charge when reviewing a motion for summary judgment is not

3

to weigh the evidence and determine the truth of the matter asserted, but to decide whether a genuine issue for trial exists. *Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986)*. Stated otherwise, the Court may decide to grant a motion for summary judgment "…when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Agristor Financial Corp. v. Van Sickle, 967 F.2d 233, 236 (6th Cir. 1992)*.

The initial burden of proving that there are no genuine issues of material fact lies with the moving party. The burden then shifts to the nonmoving party to produce specific facts showing a genuine issue for trial. *Matsushita Electric Inustrial Co. Ltd. V. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986)(citing Fed R. Civ. P. 56(e))*. Only relevant issues and facts are deemed material and will be considered by the court. The court has stated previously that factual disputes that are irrelevant or unnecessary will not be counted and that "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson, 106 S. Ct. at 2510.*

"Where the moving party has carried [his] burden of showing that the pleadings, depositions,…and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch, 826 F.2d 1534,1536 (6th Cir. 1987)*. It is against this standard that the debtor/Defendant requests for summary judgment should be judged.

## II. The Debtor/Defendant Bears the Initial Burden

A proceeding to obtain a declaratory judgment is an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001(9). Similarly, under Federal Rule of

4

Bankruptcy Procedure 7001(4) a proceeding to object to or revoke a discharge is also an adversary proceeding. As such, the debtor bears the initial burden of proving that he is entitled to summary judgment as a matter of law. According to the court in *Grogan v. Garner, 498 U.S. 279 (1991).*, the standard of proof required is by a preponderance of the evidence.

III. 11 U.S.C. § 727(a)(4)(A)

The United States Bankruptcy Code § 727(a)(4)(A) states that the Court shall grant the debtor a discharge unless "the debtor knowingly **and fraudulently**, in connection with a the case made a false oath or account." In order for a creditor to have adequate standing to object to the discharge of a debtor the following elements must be shown: (1) the debtor made a statement under oath, (2) such a statement was false, (3) the debtor knew the statement was false, **(4)** the debtor made the statement with fraudulent intent, and **(5)** the statement related materially to the bankruptcy case. *Hamo v. Wilson, 233 B.R. 718,725 (BAP 6th Cir. 1999), citing Hunter v. Sowers, 229 B.R. 151, 158 (Bankr. N.D. Ohio, 1998).*

Statements are considered material if they significantly hinder the administration of the bankruptcy estate. *Calisoff v. Calisoff (In re Calisoff), 92 B.R. 346, 355 (Bankr. N.D. Ill. 1988).* It is the Debtor's duty to "provide creditor's with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present." *Turoczy Bonding Co. v. Strbac (In re Strbac), 235 B.R. 880, 882 (B.A.P. 6th Cir. 1999).* If the objecting party able to prove the inadequacy of the debtor's production of records, the burden will then shift to the debtor to justify the inadequacy. *Strbac, 235 B.R. at 883.* The factual

5

allegations in the Plaintiffs amended complaint concerning the Debtor's income, personal property assets, financial condition, and the Debtor's business enterprises within the last six (6) years do not materially relate to the Debtor's bankruptcy case.

The Debtor does not take issue with the factual allegations stated in numbers four (4) through eight (8). However, Plaintiff's amended complaint fact nine (9) contains facts that require further clarification. Subsection (9)(a) states that the "Debtor failed to list all of the businesses in which he has had an interest within the last (6) years.". "Applied Exteriors, Inc." is a now a defunct entity with no assets available to be added to the bankruptcy estate. The Debtor's bankruptcy petition was amended listing this as such. Debtor never did business as "Electronic House, Inc.". While "Electronic House, Inc." was listed on the lease with Sunridge Development Corporation it was never a legal entity. Debtor has no interest in "Home Media Solutions" and thus it was not listed on the bankruptcy petition.

Subsection (9)(b) pertains to various personal property which was not listed on Debtor's bankruptcy petition. Mainly vague descriptions of "electronics and jewelry" he was the owner of. This personal property consists of a watch and compact disc player that was added to the amended schedules as well as other personal property, which are all well within the allotted exemption limits for personal property.

Subsections (9)(d) and (8)(e) pertain to the Debtor's 2006 and 2007 income tax returns respectively. Debtor's 2006 tax return reflects his actual income he received of $19,231.00 and not the $50,000.00 he was scheduled to receive from a now defunct corporation. Debtor's testified during his 2004 Examination that he may have earned as much as $5,000.00 during 2007. No income was scheduled 2007 because this $5,000.00

6

was the gross income received before a business loss was accounted for resulting in a negative net income for 2007.

Subsection (9)(f) states that the Debtor is receiving $3,283.00 per month, which Plaintiffs argue should be listed as salary, wages, or commissions from the operation of a business enterprise. These contributions were projected gifts from the Debtor's mother, who had the intention of helping her son financially and is listed as a creditor in this case. The Debtor has not been receiving these contributions from his mother.

Subsection (9)(g) pertains to a late model Porsche. The Debtor does not maintain a property interest in the Porsche. The vehicle was provided to him by his mother and is titled in her name.

Sections ten (10) and eleven (11) relate to Debtor's amended petition. The Debtor amended portions of his Statements and Schedules in response to the allegations contained in Plaintiffs' original complaint as permitted by The United States Bankruptcy Code.

Section twelve (12) states that Debtor has been engaged in a retail electronics business called "Home Media Solutions." Debtor has not been doing business as "Home Media Solutions", which is his mother's business. Debtor has been advising his mother in her retail electronics business.

Section thirteen (13) states that during his 2004 Exam the Debtor falsely denied having a business interest in Home Media Solutions. Debtor has no interest in Home Media Solutions. Further, Home Media Solutions does not keep a regular inventory and is in fact an internet reseller.

7

Finally, Section fourteen (14) states that the Debtor's mother is a former school teacher with no significant experience in the retail electronics market. While this may be true, it does not change the fact that the Debtor's mother has decided to employ herself in the retail electronics field.

The Plaintiffs in this instance have failed to prove that at the time the Defendant made these statements his intent was fraudulent. A debtor's bankruptcy case will be denied if he makes a deliberate and fraudulent omission that is materially related to the bankruptcy case. Conversely, a debtor's bankruptcy case will not be denied if prior statements made under oath were as a result of a mistaken or inadvertent omission. *Cohen v. Pond*, 221 B.R. 29, 34 (Bankr. M.D. Fla., 1998). Simply pointing out the instances where there are discrepancies between the debtor's deposition testimony, the debtor's testimony in his December 10, 2007 Bankruptcy Rule 2004 Exam, and the debtor's bankruptcy petition does not warrant a denial of discharge. Fraudulent intent of the debtor when making these statements must be shown by a preponderance of the evidence in order to deny him a discharge.

The inconsistencies in this case are not materially related to the debtor's bankruptcy case so as to warrant the denial of a discharge. The debtor has amended his bankruptcy petition to conform to the present requirements and as a result is well within the exemption limits set forth in the Tennessee Code. Yes, A debtor may not "amend his way around" past inconsistencies and omissions. Generally, courts will not find fraudulent intent when a debtor amends his statements and schedules, as well as reports omissions and misstatements, prior to or during the meeting of creditors. *Gold v. Guttman (In re Guttman)*, 237 B.R. 643, 647 (Bankr. E.D. Mich. 1999). So long as these

Document Page 7 of 7

statements or nondisclosures did not materially relate to the debtor's bankruptcy case and were not given with fraudulent intent, the debtor is still entitled to a Chapter 7 discharge of his debts. Statements are considered material for the purposes of § 727(a)(4) if they "…bear a relationship to the debtor's business transactions or estate, or concern the discovery of assets, business dealings, or the existence and disposition of property." *Keeney v. Smith (in re Keeney), 227 F.3d 679, 686 (6th Cir. 2000).* A statement or omission can also be considered material if it hinders the administration of the bankruptcy estate. *Calisoff v. Calisoff (In re Calisoff), 92 B.R. 346, 355 (Bankr. N.D. Ill. 1988).* The statements and omissions made by the debtor in this case do not "materially relate" to the bankruptcy case and therefore do no warrant a denial of debtor's discharge.

The ultimate goal when filing a Chapter 7 bankruptcy case is to relieve "honest but unfortunate debt" and allow debtors a "fresh start" with the discharge of their debts. Buckeye Retirement, LLC v. Heil (In re Heil), 289 B.R. 897, 901 (Bankr. E.D. Tenn. 2003). The Plaintiffs have not reached their burden of showing that genuine issues of material fact exist. Therefore, the Defendant's Motion for Summary Judgment should be granted pursuant to Rule 56 of the Federal Rules of Civil Procedure, as incorporated by Rule 7065 of the Federal Rules of Bankruptcy Procedures.