**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

BRIAN JOSEPH REISCHMAN

        Debtor

DALI USA, INC. and SUNRIDGE
DEVELOPMENT CORPORATION

        Plaintiffs

      v.

BRIAN JOSEPH REISCHMAN

        Defendant

Case No.  07-33663

Adv. Proc. No.  08-3020

**MEMORANDUM ON
MOTIONS FOR SUMMARY JUDGMENT**

**APPEARANCES:**    HODGES, DOUGHTY & CARSON, PLLC
      Matthew A. Birdwell, Esq.
      Post Office Box 869
      Knoxville, Tennessee 37901-0869
      Attorneys for Plaintiff, Dali USA, Inc.

                JERRY M. MARTIN, ESQ.
      112 Glenleigh Court, Suite 1
      Knoxville, Tennessee  37934
      Attorney for Plaintiff, Sunridge Development Corporation

                CLARK & WASHINGTON, P.C.
      Steven F. Crawford, Esq.
      640 North Building, Suite 105
      2606 Greenway Drive
      Knoxville, Tennessee 37918
      Attorneys for Defendant/Debtor

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

The Plaintiffs, Dali USA, Inc. and Sunridge Development Corporation, filed the Complaint initiating this adversary proceeding on February 4, 2008, which they amended on May 8, 2008, by the filing of an Amended Complaint Objecting to Discharge of Debtor (collectively, Complaint). By the Complaint, the Plaintiffs seek to deny the Defendant/Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4) (2005). The Defendant filed an Answer to Complaint Objecting to Dischargeability of Indebtedness (Answer) on March 4, 2008, followed by a Motion to Dismiss Adversary Complaint on April 11, 2008, which was withdrawn on May 29, 2008.

Presently before the court are the following: (1) the Motion for Summary Judgment filed by the Defendant on June 6, 2008, accompanied by the Defendant's Statement of Material Facts As to Which There is No Genuine Issue (Defendant's Statement of Undisputed Material Facts) and a Memorandum in Support of Summary Judgment; and (2) the Cross-Motion for Summary Judgment of Plaintiffs, Dali USA, Inc. and Sunridge Development Corporation (Cross-Motion for Summary Judgment) filed by the Plaintiffs on June 30, 2008, accompanied by a Memorandum of Law and the Statement of Undisputed Facts in Support of Cross-Motion for Summary Judgment of Plaintiffs, Dali USA, Inc. and Sunridge Development Corporation (Plaintiffs' Statement of Undisputed Material Facts), incorporating the following exhibits: (1) transcript of the Defendant's deposition dated November 13, 2006, taken in case no. 165931-3, styled *United Rentals North America, Inc. v. Applied Exteriors, Inc., et al.*, in the Chancery Court for Knox County, Tennessee; and (2) transcript of the deposition of the Defendant, taken pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, on January 8, 2008 (Defendant's 2004 examination). Also filed in support of the Cross-Motion for Summary Judgment were the Affidavit of Donna Murphy and the of Affidavit of

Kevin Reilly, to which is appended the following exhibits: (A) the April 2008 edition of *Around Town - Farragut/Northshore* magazine including an article and advertisement for Home Media Solutions, Inc.; (B) an Advertising Contract dated March 12, 2008, between Around Town Community Magazine, Inc., and Home Media Solutions executed by the Defendant and Mr. Reilly; (C) a series of emails between Mr. Reilly and the Defendant concerning the magazine article; (D) a draft version of the article featuring Home Media Solutions, Inc.; and (E) copies of testimonials in favor of Home Media Solutions, Inc.; and (G) a logo for Home Media Solutions, Inc., supplied by the Defendant.[1]

On July 19, 2008, the Defendant filed the Defendant's Response to Plaintiffs' Cross-Motion for Summary Judgment (Response to Cross-Motion for Summary Judgment) and the Defendant's Response to Plaintiffs' Statement of Undisputed Facts in Support of Cross-Motion for Summary Judgment (Response to Plaintiffs' Statement of Undisputed Material Facts).[2] In support of his Response to Cross-Motion for Summary Judgment, the Defendant filed the following exhibits: (A) an excerpt from the transcript of the Defendant's 2004 examination taken January 8, 2008; (B) the Charter for Home Media Solutions, Inc., filed with the Tennessee Secretary of State on February 15, 2007; (C) the confirmation of Business Tax Registration for Home Media Solutions, Inc., with the

---

[1] Mr. Reilly references photographs which are denoted in his Affidavit as Exhibit F but were not attached to the Affidavit.

[2] The Plaintiffs did not file a response to the Defendant's Motion for Summary Judgment or Statement of Undisputed Facts, and, pursuant to E.D. Tenn. LBR 7056-1(b), because the Plaintiffs did not dispute the stated material facts within twenty days, they are deemed admitted. The Plaintiffs' Cross-Motion for Summary Judgment purports to "reply" to the Defendant's Motion for Summary Judgment; however, it was filed beyond the twenty days set forth in the Local Rules and is not a timely response thereunder. Furthermore, the Plaintiffs filed the Reply of Plaintiffs, Dali USA, Inc. and Sunridge Development Corporation to Defendant's Response to Plaintiffs' Cross-Motion for Summary Judgment on July 28, 2008, which is not authorized by the Local Rules and was therefore not considered in the court's determination concerning the Motions for Summary Judgment.

Tennessee Department of Revenue on February 27, 2007; (D) the September 2007 edition of *Everything West* magazine including an article and advertisement for Home Media Solutions, Inc.; (E) the November 2007 edition of *Everything West* magazine including an article and advertisement for Home Media Solutions, Inc.; (F) the March 12, 2008 Advertising Contract between Around Town Community Magazine, Inc., and Home Media Solutions executed by the Defendant and Mr. Reilly; (G) emails between Mr. Reilly and the Defendant; and (H) the Defendant's Statement of Material Undisputed Facts.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(J) (2005).

I

The following facts are not in dispute. The Defendant filed the Voluntary Petition commencing his Chapter 7 bankruptcy case on October 31, 2007, and the Plaintiffs are creditors by virtue of a Judgment entered against the Defendant in the Chancery Court for Knox County, Tennessee. DEF'S. STMT. OF UNDISP. MAT. FACTS at ¶¶ 1-2; PLS.' STMT. OF UNDISP. MAT. FACTS at ¶¶ 1-2. In his original statements and schedules, the Defendant did not list Applied Exteriors, Inc., Electronic House, Inc., or Home Media Solutions as business entities; however, he filed amended statements and schedules, listing Applied Exteriors, Inc., as a business entity, as well as list and exempt a wristwatch, compact disc player, and other personal property. DEF.'S STMT. OF UNDISP. MAT. FACTS at ¶¶ 8-10. At the time he filed his bankruptcy case, the Defendant's schedules evidenced his anticipated receipt of $3,283.00 per month from his mother to help pay ongoing expenses. DEF.'S STMT. OF UNDISP. MAT. FACTS at ¶ 12. The Defendant states that he is not the

owner and has no ownership interest in Home Media Solutions, Inc., and that he executed an advertising contract with *Around Town - Farragut Northshore* on March 12, 2008, in his capacity as General Manager for Home Media Solutions, Inc., communicating with and supplying information to Kevin Reilly, the owner/publisher of *Around Town - Farragut Northshore*, via email. PLS.' STMT. OF UNDISP. MAT. FACTS at ¶¶ 5-6.

The Defendant was examined pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure on January 8, 2008, at which time he testified that he was scheduled a salary of $50,000.00 with Sound and Cinema, a now defunct corporation. DEF.'S STMT. OF UNDISP. MAT. FACTS at ¶ 11; EX. B TO CROSS-MOT. SUMM. JUDG. He also testified that his 2006 tax return reflected income of $19,231.00 and that he may have approximately $5,000.00 in gross income for 2007; however, the tax return that he prepared and filed reflected a loss and no income for 2007. DEF.'S STMT. OF UNDISP. MAT. FACTS at ¶ 11. The Defendant testified that his mother, who is a former school teacher with no significant experience in the retail electronics market, owns Home Media Solutions and that he advises her in the retail business. DEF.'S STMT. OF UNDISP. MAT. FACTS at ¶¶ 14-15. He also states that the 1999 Porsche driven by the Defendant is registered in his mother's name. DEF.'S STMT. OF UNDISP. MAT. FACTS at ¶ 13.

The Defendant filed his Motion for Summary Judgment on June 6, 2008, arguing that there are no material facts in dispute, and that he is entitled to a declaratory judgment that he is entitled to a discharge because the Plaintiffs cannot prove that he fraudulently omitted information from his statements and schedules, which he has since amended, that any of the omitted information was material with respect to his bankruptcy case, or that he testified falsely under oath in a 2006

5

deposition or during his 2004 examination. On June 30, 2008, the Plaintiffs filed their Cross-Motion for Summary Judgment, arguing that there are no material facts in dispute but that they are entitled to judgment as a matter of law that the Defendant intentionally failed to disclose and state in his statements and schedules information concerning his assets, employment, compensation, and business ventures, primarily, that he has not disclosed all businesses in which he holds or has held an interest within the last six years, such that he is not entitled to a discharge.

## II

Rule 56 of the Federal Rules of Civil Procedure allows summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (applicable to adversary proceedings under Federal Rule of Bankruptcy Procedure 7056).

When deciding a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter, but instead, simply determines whether a genuine issue for trial exists. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The moving party bears the initial burden of proving that there is no genuine issue of material fact, thus entitling it to judgment as a matter of law. *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to the nonmoving party to produce specific facts showing a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986) (citing FED. R. CIV. P. 56(e)). The nonmoving party must cite specific evidence and may not merely rely

upon allegations contained in the pleadings. *Harris v. Gen. Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). The facts and all resulting inferences are viewed in a light most favorable to the non-moving party, *Matsushita*, 106 S. Ct. at 1356, whereby the court will decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S. Ct. at 2512. "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 106 S. Ct. at 2510.

### III

Chapter 7 debtors receive a general discharge of all pre-petition debts under § 727, unless one of ten express limitations exists, including "the debtor knowingly and fraudulently, in or in connection with the case – made a false oath or account[.]" 11 U.S.C. § 727(a).[3] These limitations furnish creditors with "a vehicle under which *abusive* debtor conduct can be dealt with by denial of discharge." *Blockman v. Becker (In re Becker)*, 74 B.R. 233, 236 (Bankr. E.D. Tenn. 1987) (quoting *Harman v. Brown* (*In re Brown*), 56 B.R. 63, 66 (Bankr. D.N.H. 1985)). Section 727(a) is liberally construed in favor of the debtor, and the party objecting to discharge bears the burden of proof by a preponderance of the evidence. *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir. 2000); FED. R. BANKR. P. 4005.

---

[3] Chapter 7 discharge relieves an "honest but unfortunate" debtor of his debts and allows a "fresh start" through this discharge. *Buckeye Retirement, LLC v. Heil (In re Heil),* 289 B.R. 897, 901 (Bankr. E.D. Tenn. 2003) (quoting *In re Krohn*, 886 F.2d 123, 125 (6th Cir. 1989) (citing *Local Loan Co. v. Hunt*, 54 S. Ct. 695, 699 (1934))). "Except as provided in section 523 . . ., a discharge under subsection (a) . . . discharges the debtor from all debts that arose before the date of the order for relief under this chapter[.]" 11 U.S.C. § 727(b) (2005).

7

The Plaintiffs object to the Defendant's discharge pursuant to § 727(a)(4)(A), which requires proof that: (1) the Defendant made a statement under oath; (2) which was false; (3) he knew that the statement was false when he made it; (4) he fraudulently intended to make the statement; and (5) the statement materially related to the bankruptcy case. *Keeney*, 227 F.3d at 685. Both affirmative false statements and omissions fall within the scope of § 727(a)(4)(A), *Searles v. Riley (In re Searles)*, 317 B.R. 368, 377 (B.A.P. 9th Cir. 2004), and they are material if related to a debtor's business enterprises or transactions, his bankruptcy estate, the discovery of assets, and/or the existence and disposition of property. *Keeney*, 227 F.3d at 686. A debtor's statements and schedules are executed under oath and penalty of perjury, as are statements and testimony given by a debtor at his meeting of creditors, deposition, and/or 2004 examination. *Ayers v. Babb (In re Babb)*, 358 B.R. 343, 355 (Bankr. E.D. Tenn. 2006).

"Knowledge that a statement is false can be evidenced by a demonstration that the debtor 'knew the truth, but nonetheless failed to give the information or gave contradictory information.'" *Babb*, 358 B.R. at 355 (quoting *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 725 (B.A.P. 6th Cir. 1999)). Fraudulent intent is often discerned from a debtor's conduct, demonstrated by material representations or omissions that the debtor knows are false and are likely to create an erroneous impression, as well as reckless disregard or indifference for the truth exhibited by continuing patterns of omissions and/or false statements in his bankruptcy schedules. *Keeney*, 227 F.3d at 685; *Babb*, 358 B.R. at 355. On the other hand, a debtor who mistakenly or inadvertently provides false information or fails to disclose pertinent information and takes steps to amend his schedules to correct them prior to or during a meeting of creditors is not generally thought to possess the requisite

fraudulent intent to deny discharge under § 727(a)(4)(A). *Keeney*, 227 F.3d at 686; *Babb*, 358 B.R. at 355-56 (citing *Gold v. Guttman (In re Guttman)*, 237 B.R. 643, 647 (Bankr. E.D. Mich. 1999)).

"Often, the intent issue will turn on the credibility and demeanor of the debtor[.]" *LaRocco v. Smithers (In re Smithers)*, 2006 Bankr. LEXIS 265, at *9 (B.A.P. 6th Cir. Mar. 2, 2006) (quoting *Groman v. Watman (In re Watman)*, 301 F.3d 3, 8 (1st Cir. 2002)).

> [S]ince interested parties should not be required to drag the truth from the debtor, a showing of good faith in a § 727(a)(4)(A) matter will often come down to whether a debtor has abided by this cardinal rule: when in doubt, disclose. For example, a debtor is likely to be forgiven for simply mislabeling an asset, where its existence is still initially disclosed. However, where a debtor only voluntarily discloses information after its existence is uncovered by a third-party (e.g., a trustee or creditor), good faith is unlikely to be found.

*United States Tr. v. Halishak (In re Halishak)*, 337 B.R. 620, 630 (Bankr. N.D. Ohio 2005) (internal citations omitted).

The Defendant has argued in his Motion for Summary Judgment that he has made no material misstatements or omissions, either in his statements and schedules or in any deposition testimony, and that the allegations raised by the Plaintiffs in their Complaint concerning the Defendant's income, personal property assets, financial condition, and business enterprises within the last six years "do not materially relate" to his bankruptcy case. He has also argued that his amendments to his statements and schedules have cured any inconsistencies between the Defendant's prior deposition testimony and his statements and schedules. The Defendant did not file any Affidavits or evidence in support of his arguments. His Statement of Undisputed Material Facts, which the Plaintiffs did not dispute by virtue of failing to respond within the twenty days set forth in E.D. Tenn. LBR 7007-1, form the basis of the Defendant's evidentiary proof.

The Plaintiffs have argued in their Cross-Motion for Summary Judgment that the Defendant failed to disclose an on-going business venture, Home Media Solutions, Inc., in his statements and schedules and has disavowed any ownership interest or connection with the business in deposition testimony as well. In support of their arguments, the Plaintiffs filed a deposition transcript, the transcript of the Defendant's 2004 examination, and three affidavits.

Subsection (a)(4) requires proof that the Defendant "knowingly and fraudulently, in or in connection with the case[,] made a false oath or account[,]" 11 U.S.C. § 727(a)(4), and both Plaintiffs focus upon the allegedly false statements that the Defendant made under oath in his statements and schedules; however, the Defendant's statements and schedules did not accompany either the Motion for Summary Judgment filed by the Defendant or the Cross-Motion for Summary Judgment filed by the Plaintiffs, and accordingly, they are not part of the record. *See* FED. R. CIV. P. 56(c). Because the documents upon which both parties base their respective Motions have not been introduced into the record, genuine issues of material fact exist with respect to whether the elements necessary to deny discharge under § 727(a)(4) have been satisfied. Accordingly, both the Motion for Summary Judgment filed by the Defendant on June 6, 2008, and the Cross-Motion for Summary Judgment filed by the Plaintiffs on June 30, 2008, shall be denied.

An order consistent with this Memorandum will be entered.

FILED:  September 19, 2008

                                      BY THE COURT

                                      */s/  RICHARD STAIR, JR.*

                                      RICHARD STAIR, JR.
                                      UNITED STATES BANKRUPTCY JUDGE