

**SO ORDERED.**

**SIGNED this 10 day of October, 2008.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

**Richard Stair Jr.**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

                                     Case No.  07-33663

BRIAN JOSEPH REISCHMAN

              Debtor

DALI USA, INC. and SUNRIDGE
DEVELOPMENT CORPORATION

              Plaintiffs

        v.                                     Adv. Proc. No. 08-3020

BRIAN JOSEPH REISCHMAN

              Defendant

**MEMORANDUM AND ORDER
ON MOTION FOR RECONSIDERATION AND TO ALTER
OR AMEND ORDER AND JUDGMENT DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court is the Defendant's Motion for Reconsideration and to Alter or Amend Order

and Judgment Denying Defendant's Motion for Summary Judgment (Motion for Reconsideration)

filed by the Defendant on September 25, 2008, asking the court, pursuant to Rule 59 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 9023 of the Federal Rules of Bankruptcy Procedure, for reconsideration of the Order entered on September 19, 2008, denying the Defendant's Motion for Summary Judgment.  In the Memorandum on Motions for Summary Judgment (Memorandum Opinion) also filed on September 19, 2008, the court, in setting forth its reasons for denying both the Motion for Summary Judgment filed by the Defendant on June 6, 2008, and the Cross-Motion for Summary Judgment filed by the Plaintiffs on June 30, 2008, determined that genuine issues of material fact existed with respect to whether the Defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A) (2005) because the Defendant's statements and schedules, upon which both parties relied in their respective Motions, had not been made a part of the record.

By his Motion for Reconsideration, the Defendant asks the court to reconsider its Order denying his Motion for Summary Judgment and submits the Affidavit of the Defendant executed September 24, 2008, the Defendant's statements and schedules filed on October 31, 2007, and amended schedules filed by the Defendant on March 25 and March 27, 2008, as "additional evidence – evidence that was previously unavailable to the Court and evidence that, upon consideration by the Court, will prevent a manifest injustice in this adversary proceeding."  BRIEF IN SUPPORT OF MOT. TO RECONSIDER at ¶ II.

On October 6, 2008, the Plaintiffs filed the Plaintiffs' Response to Defendant's Motion for Reconsideration and to Alter or Amend Order and Judgment Denying Defendant's Motion for Summary Judgment (Response), arguing that the Defendant erroneously asserted Federal Rule of

2

Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59 as proper authority for the relief sought, stating that those rules only applied to final judgments, and that there are genuine issues of material fact concerning the Defendant's involvement with the business "Home Media Solutions" such that the court's Order denying summary judgment was appropriate.

"A motion to reconsider a judgment is a species of petition to alter or amend that judgment under [Federal Rule of Civil Procedure] 59(e)." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." FED. R. CIV. P. 59(e). Although Rule 59(e) refers to amendment of a "judgment," the court has an inherent power to reconsider and amend its interlocutory orders and may utilize Rule 59(e) as a vehicle for doing so. *Cincinnati Ins. Co. v. Crossman Cmtys., Inc.*, 2008 U.S. Dist. LEXIS 49383, at *5, 2008 WL 2598550, at *2 (E.D. Ky. June 26, 2008) (citing *Al-Sadoon v. FISI Madison Financial Corp.*, 188 F. Supp. 2d 899, 902 (M.D. Tenn. 2002)).

Rule 59(e), which "can only be used in limited circumstances and should be used sparingly[,]" *In re Barber*, 318 B.R. 921, 923 (Bankr. M.D. Ga. 2004), should only be granted "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1998) (internal citations omitted). A party may not reargue his case through a motion under Rule 59(e), *In re No-Am Corp.*, 223 B.R. 512, 514 (Bankr. W.D. Mich. 1998), "[n]or should Rule 59(e) be viewed as a means for overcoming one's failure to litigate matters fully." *Condor One, Inc. v. Homestead Partners, Ltd. (In re Homestead Partners, Ltd.)*, 201 B.R. 1014, 1018 (Bankr. N.D.

Ga. 1996); *see also Mathis v. United States (In re Mathis)*, 312 B.R. 912, 914 (Bankr. S.D. Fla. 2004) ("The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment").  "Arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion." *In re See*, 301 B.R. 554, 555 (Bankr. N.D. Iowa 2003).

In the context of Rule 59(e), "the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Instead, newly discovered evidence must have previously been unavailable.  *Gencorp, Inc.*, 178 F.3d at 834.  Additionally, manifest injustice is defined as "[a]n error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." BLACK'S LAW DICTIONARY 974 (7th ed. 1999).

Here, the Defendant asks the court for reconsideration of its Order denying his Motion for Summary Judgment on the basis that his Affidavit and his statements and schedules were "previously unavailable to the Court[.]"  BRIEF IN SUPPORT OF MOT. TO RECONSIDER at ¶ II.  The proper standard, however, is whether the "newly discovered evidence" was previously unavailable to all parties, not whether it was previously unavailable to the court because it was not provided by the parties.  The Defendant's Affidavit was executed on September 24, 2008, after the court's Order was entered on September 19, 2008, but it contains no information that could not have been provided in

4

support of his Motion for Summary Judgment filed on June 6, 2008. Likewise, the Defendant's statements and schedules were filed on October 31, 2007, and were readily accessible by the Defendant. His failure to include these documents in support of his Motion for Summary Judgment do not transform them into "newly discovered evidence," nor does the denial of his Motion for Summary Judgment impose any sort of manifest injustice upon the Defendant.

Because the Defendant has not shown clear error of law, presented any newly discovered evidence, evidenced an intervening change in controlling law, or shown that the denial of his Motion for Summary Judgment is manifestly unjust, the Motion for Reconsideration is DENIED.

###